United States District Court
Eastern District of New York

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 18 2019 ★
LONG ISLAND OFFICE

Eric Todd Owens,

    Plaintiff,

-Against-

Checkr Inc,

    Defendants

CV_19 5333
CV
Non-Jury Demand

AZRACK, J.

TOMLINSON, M.J.

I Eric Owens, Petitioner, Pro Se in this action residing in the City of Glen Cove, County of Nassau, I Eric Owens, Plaintiff, Pro Se state under the penalty of perjury that the information stated in this complaint is truthful and forthcoming.

Plaintiff respectfully submits to the Court this complaint, against the above name defendant, a consumer reporting company for their willful, intentional, and malicious acts of negligence and defamation after the Defendant was hired by Uber to conduct a background investigation of Plaintiff in response to an application for employment that Plaintiff submitted to Uber for a food delivery position.

Petitioner respectfully asks this Court to assume Subject Matter Jurisdiction under Diversity of Citizenship as the defendant named in this action operates its company in a different State, also pointing out that the Plaintiff request for damages against the defendant exceeds $75,000

Defendant Checkr Inc. (a consumer report company) has its corporate office located at 1 Montgomery Street San Francisco, CA 94104.

The act that arose are as follow:

1. On or about August 2019, Petitioner having been unemployed for several months' petitioner applied for a food delivery job with Uber Eats.

RECEIVED
SEP 18 2019
EDNY PRO SE OFFICE

2. Petitioner applied for the delivery position using the company's online application process.

3. Petitioner completed the online application and submitted his wife's car insurance of which he is on, the registration and a copy of his NYS driver's license.

4. Petitioner was asked to submit his social security number and driver's license number by Uber Eats so that they can conduct a background check, petitioner was also asked if he agreed to a background check, petitioner agreed.

5. On September 4, 2019, Petitioner received an email from Uber Eats, entitled "Post adverse notice", of which stated that Petitioner's background check was conducted by the Defendant, and identified "consumer reporting agency", and that the petitioner is being denied the employment opportunity based on the "information contained in that consumer report...." of which was an alleged attempted burglary, arrest and conviction in 2013.

6. Petitioner is asserting that the information provided by Defendant and given to Uber was erroneous and inaccurate.

7. Petitioner points out the language used by the by Uber of which are a direct indictment of the of the Plaintiff, yet of which are false: "How long ago your criminal activity, not your conviction occurred". Uber erroneously asserts "6 years".

8. Uber further states, "Your age when your criminal activity, not your conviction occurred", Uber again erroneously asserts, "45 years old".
Uber states, "not enough time has passed since the crime occurred."

9. Petitioner claims that Uber's assertions were based information given to them by the Defendant and that the Defendant manufactured the information because there is no information whatsoever, anywhere reported by the Criminal Justice System or the Courts, that states the criminal behavior occurred in 2013, when the Plaintiff was 45.

10. The criminal behavior actually occurred in September of 2009, Plaintiff was arrested in 2012 and convicted via guilty plea in 2013 (see police report). Plaintiff was able to obtain this information with one phone call (see copy of email sent to Plaintiff by NYPD after the phone call), yet the Defendant, who proclaim on their website to be accurate in their reporting and use the most advance technology disseminated incorrect data regarding Petitioner.

11. As a direct result of the information given to Uber by the defendant, Petitioner was deined employment.

12. On September 4, 2019, Petitioner received an email from Uber 'a post adverse order", denying Petitioner employment based on the information provided by the defendant.

**13.** Petitioner never received a pre-adverse order giving him an opportunity to clarify the erroneous information and provide evidence of rehabilitation, Petitioner believes had he been giving the opportunity to do so, the decision for employment would have been favorable to Petitioner.

**14. The failure of Uber to afford Petitioner such opportunity is now the subject of a complaint with US EEOC.**

15. September of 2009, Petitioner was 41 years old at the time, there were "mitigating circumstances" that contributed to the criminal behavior: substance use disorder, and that the Petitioner actually got clean and sober immediately after the 2009 crime (10 years clean and sober at this writing) and when he learned that he was wanted for the crime, Petitioner turned himself in to police at the 71st pct in Brooklyn in Brooklyn to take responsibility for his criminal behavior, Petitioner was sentenced to the minimum 1/2 to 3 years, was released on parole in 2014, complied with all parole stipulations and was discharged in 2015, since his released he successfully completed the NYS Office of Substance Abuse Services Training and holds a NYS Certification as a Substance Use Disorder Treatment Professional, Petitioner has worked Per Diem for various nonprofits treating individual with substance use disorder and / or mental illnesses, Petitioner's commitment to the betterment of the community, and his rehabilitation was recognized and after a thorough investigation which included a background check and home visit Petition was accepted into the Prince Hall Free and Accepted Masons and is a Master Mason, Petitioner mentors youth on the dangers of substance use, Petitioner speaks at Universities informing students on the dangers of drug use, Petitioner is active with many community leaders, Clergy and politicians regarding crime, gang and drug prevention / intervention, Petitioner voluntary drives meals to senior citizens in Long Island, (same as delivering an Uber Eats Meal), Petitioner criminal act was nonviolent, did not involve a residence ( a commercial building), Petitioner got married in 2016 and is currently a great father and husband, Petition has letters of reference from employers and copies of email sent by employers regarding his work ethic and character.

Petitioner has worked for many nonprofits and had to undergo finger print, a check with the Central registry, a check with the Justice Department and was hired in each instant after being allowed to be heard regarding his pass and present evidence of rehabilitation, within the scope of the employments which involve caring for individual with disabilities and various medical diagnosis, he has been given charge via NYS Office of Mental Health to oversee the proper dispensation of serious medications including opioids to his clients and has done so with integrity, yet do to the willful negligence and discrimination of the defendant, he has been denied the opportunity to deliver a hamburger. There is no rationale within this, and Petitioner knows without a shadow of a doubt has the correct information been given and Petitioner given the opportunity to be heard, the decision would have been favorable to the Petitioner.

18. Defendant violated their own proclamation found in their online ad:

We're on a mission to modernize the background screening industry.
Background screenings are transactions that rely on trust and we believe trust is based on transparency. Consumers deserve more transparency on their rights and the information in their report. Employers deserve

more transparency on data, its value and their responsibilities. Checkr has found the way to balance safety and consumer protection. It is our responsibility to be accurate and help our clients avoid errors.

**Software assisted QA decisions ensuring consistent, anti-discriminatory adjudication taking into account FCRA, EEOC and state-by-state regulations.**

What is Adverse Action, and why is it important?
In the context of background checks, Adverse Action is any action you take based on the information in a background check report that negatively affects someone's employment. This could mean denying them employment, but can also include denying a promotion or transfer, offering employment in a lesser position, or other negative outcomes.
Because Adverse Action adversely affects consumers (by nature), it is a common area of litigation and compliance risk for you. In fact, the Fair Credit Reporting Act (FCRA) requires that you follow certain procedures if you decline to hire, engage, or promote a candidate on the basis of information contained in a background report.
The Adverse Action workflow is critical because it allows the candidate to raise any concerns about their report, and the FCRA requires that employers/end users (which includes companies that use independent contractors) to follow this stringent process.
Some employers are tempted not to communicate with candidates whom they decline. However, if you don't follow a defined and consistent Adverse Action process, you're opening yourself up to legal risk.
What's an Adverse Action process?
To stay compliant and avoid the legal action that can come from not properly handling Adverse Actions, you must follow a process that complies with the Fair Credit Reporting Act (FCRA).
Remember that just because a report came back as **consider**, that is not a reason to disqualify a candidate. Build a consistent adjudication process to take into account the nature of the crime (e.g. petty theft vs. assault and battery), when the crime occurred (e.g. 6 months vs. 6 years), and whether the crime is relevant to the job duties that the candidate would be performing.
A compliant Adverse Action process for employment decisions will include the following:

- **Pre-Adverse Action Notice:** Informs the candidate that you are considering not moving forward with the employment process based on information in the background report.
- **Waiting Period:** The FCRA requires a reasonable amount of time (usually 7 calendar days, but some jurisdictions require more) before taking final action, so the candidate has an opportunity to dispute any incorrect or outdated information in the report.
- **Adverse Action Notice (or "Post-Adverse Action Notice"):** Once you have waited the required amount of time – including time required for the resolution of any dispute – you must provide a final notice of your decision if you have decided not to move forward with the candidate.

19. Defendant's actions violated the Fair Reporting Act and infringed on Petitioner's Civil Liberties: The right to life, liberty and the pursuit of happiness.

20. Defendant had an obligation to exercise "Due Diligence" when obtaining information regarding Plaintiff past criminal behavior and failed to do so.

As a result of the Defendant's inaccurate reporting petitioner was defamed and denied the opportunity to obtain meaningful.

Petitioner has suffered severe emotional, mental and financial distress as a direct result of the defendant's actions.

**Wherefore**: Petitioner seeks 1 Million Dollars in compensatory and punitive damages and any other relief that the Court deems just.

Respectfully Submitted, *[signature]*

9/18/19